# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ATLAS, JR., | Case No. ED CV 15-01504 RSWL (RAO) |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ERIC ARNOLD, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation ("Report"). Further, the Court has made a *de novo* determination of those portions of the Report to which objections have been made.[1] While the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as modified, the arguments raised in Petitioner's Objections warrant discussion.

Petitioner attached eight exhibits to his Objections, some of which were not part of the state record previously lodged in this case and were not previously

---

[1] Federal Rule of Civil Procedure 72(b)(2) gave Respondent a right to respond to the objections, but the time to do so has elapsed and Respondent has filed neither a response nor a request for an extension of time.

presented in this action, including the Declaration of Amanda Gregory, Ph.D. (Ex. 1 to Objections, hereinafter "Gregory Decl.") and Dr. Gregory's Psychological Assessment Report (Ex. 2 to Objections, hereinafter "Gregory Assessment"). "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). The Court has exercised its discretion and considered the new evidence, but concludes that the new evidence does not warrant departure from the conclusions articulated in the Report.[2]

According to the new evidence, Dr. Gregory, a neuropsychologist, evaluated Petitioner on October 10 and 11, 2019, interviewed family members and reviewed family declarations, reviewed Petitioner's medical and legal records, and considered Petitioner's school district records. (Gregory Decl. at ¶ 3; Gregory Assessment at 19.) She diagnosed Petitioner with Schizoaffective Disorder, Bipolar Type, Multiple Episodes, Currently in Full Remission, and Alcohol Use Disorder, In Sustained Remission, In a Controlled Environment. (Gregory Decl. at ¶ 5b.) She opined that at the time of the incident on April 2, 2013, Petitioner was experiencing symptoms of Schizoaffective Disorder, Bipolar Type, and such symptoms "appear to have had a significant impact on his mental state and behavior" at the time of the incident. (*Id.* at ¶¶ 5c-d.) She further opined that at the time of the incident, Petitioner exhibited symptoms similar to those exhibited during prior incidents of acute mania and psychosis, including mood swings, irritability, agitation, verbal aggression, impulsivity, poor judgment, grandiose thoughts, and psychotic symptoms. (*Id.* at ¶¶ 7f, 7k, 7m.)

///

---

[2] Petitioner asserts that Dr. Gregory's assessment was not presented earlier because it was obtained in light of the allegations against Petitioner's other examining expert, Dr. Jason Yang. (Obj. at 8.) The Court notes a ten-month delay between Dr. Gregory's first communication with Petitioner's counsel in April 2019 and Dr. Gregory's report dated February 14, 2020. (Gregory Assessment at 18.)

| | |
|---|---|
| 1 | Petitioner contends that his evidence in support of a mental state defense, |
| 2 | "further corroborated by Dr. Gregory's report and the totality of the documents she |
| 3 | and Dr. [Y]ang relied on," shows that trial counsel's deficient performance |
| 4 | prejudiced Petitioner. (Obj. at 9-24.) |
| 5 | The Court concludes that there remains no reasonable probability that |
| 6 | presentation of the proffered evidence, including Dr. Gregory's declaration, would |
| 7 | have raised a reasonable doubt in any juror's mind as to whether Petitioner had the |
| 8 | specific intent to commit the charged offenses. The jury heard strong evidence that |
| 9 | Petitioner intended to dissuade the victims from testifying and to aid and assist the |
| 10 | Five Time gang at the time of the incident. (1 RT at 9-33, 42-51.) Petitioner argues |
| 11 | that his manic episode continued through the time of the incident as demonstrated by |
| 12 | his rapidly shifting mood, his loud and aggressive threats, and his lack of impulse |
| 13 | control and poor judgment. (Obj. at 17-18.) Even if the jury had heard that Petitioner |
| 14 | exhibited some symptoms of schizoaffective disorder, bipolar type at the time of the |
| 15 | incident, no reasonable juror would have concluded that Petitioner was having a |
| 16 | manic episode, given the stark contrast between Petitioner's behavior when he is |
| 17 | having a manic episode and when he is not. Thus, there is no reasonable probability |
| 18 | that the outcome of the proceeding would have been different had the proffered |
| 19 | evidence been introduced. |
| 20 | Accordingly, the Court accepts and adopts the findings, conclusions, and |
| 21 | recommendations of the Magistrate Judge, with the following modifications, which |
| 22 | are not material to the Court's decision: |
| 23 | • At page 1, line 27, strike the "a" between "stayed" and "term," so the phrase |
| 24 | reads, "a stayed term of five years." |
| 25 | • At page 19, lines 9-12, strike "The Court concludes that there is no reasonable |
| 26 | probability that presentation of the proffered mental defense evidence would |
| 27 | have convinced the jury that Petitioner actually lacked the specific intent to |
| 28 | dissuade the victims and to aid and assist a gang" and replace with "The Court |

3

| | |
|---|---|
| 1 | concludes that there is no reasonable probability that presentation of the |
| 2 | proffered mental defense evidence would have raised a reasonable doubt in a |
| 3 | juror's mind as to whether Petitioner had the specific intent to commit the |
| 4 | charged offenses." |

IT IS ORDERED that the Report and Recommendation is adopted as modified, the First Amended Petition is denied, and Judgment shall be entered dismissing this action.

DATED: March 27, 2020

                                                                          s/ RONALD S.W. LEW
                                                                          RONALD S.W. LEW
                                                                          UNITED STATES DISTRICT JUDGE